IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHNNIE W. BROOKS, JR., ) | |
| ) | |
| v. ) | NO. 3:09-cv-1128 |
| ) | JUDGE CAMPBELL |
| THE DAVEY TREE EXPERT COMPANY ) | |
| ) | |

**MEMORANDUM**

Pending before the Court is Defendant The Davey Tree Expert Company's Motion for Summary Judgment (Docket No. 31). For the reasons stated in this memorandum, Defendant's Motion is GRANTED.

**FACTS**

Plaintiff brings this case alleging age discrimination against Defendant The Davey Tree Company under the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 633a. At the time of termination, Plaintiff was 56 years of age. Davey Tree Company business involves, among other things, line clearing for public utilities, including the clearing of tree growth from power lines, clearance of rights-of-way, and chemical brush control. (Docket No. 32, p. 4).

Both Plaintiff and Defendant aver that safety is important at Davey Tree and as such, employees are tested on their safety knowledge and are required to pass safety tests before being allowed to work in the field. If an employee does not pass a particular safety test, he receives additional training. Id.

Defendant requires foremen to conduct job briefings each morning before a job is commenced and in November 2007, Defendant also began requiring foremen to write down what

1

they discussed during the job briefings and have each member of the crew sign off that the job briefing had been conducted. Id. at 6.

Defendant provides employees with a complaint procedure should an employee have a workplace concern to report. Employees are to discuss any work-related complaints with their managers, or they may contact the next person in the line of authority if the employee is not comfortable speaking with a manager. If the issue is not resolved within 15 days it is then referred to the Manager of Personnel Administration.

On January 2, 1995, Defendant hired Plaintiff as a foreman. Plaintiff was 41 years of age at the time. Plaintiff passed all safety tests and was informed of all safety requirements, including that foremen were responsible for the enforcement of all safety regulations. During the relevant period, Mr. Barker was Plaintiff's supervisor. Mr. Little was the Area Manager and at one time was Mr. Barker's supervisor.

On June 25, 1998, Plaintiff received a Safe Practice Violation for knocking down an electrical line while cutting down a tree. On December 6, 2007, Plaintiff received a second Safe Practice violation for failing to conduct a job briefing. This Safe Practice violation indicated that Plaintiff "[had] been told all safety rules and proper procedures. . . [Plaintiff] allowed [a] crew member to break minimum approach distance. He also allowed crew member to operate the bucket without [a] safety belt." Plaintiff received a three-day suspension without pay as a result of this incident.

Plaintiff had been verbally warned on at least one occasion not to sit in his truck while his crew was working. In his deposition, Plaintiff testified that one of his crew members, Mr. Price, expressed concern with the manner in which Plaintiff conducted himself as a foreman and

2

felt that Plaintiff spent too much time sitting in his truck, instead of on the site with his crew.

On February 21, 2008, Plaintiff and his crew were assigned to clear vegetation and trees in a gully in Clarksville, Tennessee. Plaintiff alleges he and his crew visited the site the day before. The morning of the job Plaintiff states he held a safety meeting with his crew approximately a block away from the job site and did not walk with his crew into the work area. Plaintiff did not inspect the area with his crew that morning, and informed them that he and Mr. Parks, the foreman of the second crew on site, were going back to his truck to wait for a representative from the Clarksville Department of Electricity, Mr. Combs. Mr. Combs arrived at approximately 7:10 a.m. and alleges he found Plaintiff asleep in his truck, although Plaintiff maintains he was doing paperwork. After Mr. Combs left, Plaintiff remained in his truck to finish up his paperwork.

At approximately 8:40 a.m., Plaintiff received a call on his cell phone informing him one of his crew, Mr. Parks, had been struck by a tree and injured. Plaintiff subsequently proceeded to the work site. After Mr. Parks was taken to the hospital, and after Plaintiff spoke with Mr. Barker, Plaintiff told his men to sign the job briefing sheet, indicating the job briefing from earlier in the morning had been conducted.

The following Sunday, Mr. Barker informed Plaintiff Davey Tree was investigating the accident and Plaintiff could not return to work until after the investigation was complete. As a result of the accident, Plaintiff was issued another Safe Practice Violation.

The following Wednesday, Plaintiff spoke with Mr. Barker regarding his return to work who informed Plaintiff that he needed to speak with Mr. Little. Mr. Little informed Plaintiff that the safety department had determined if he had been at the work area, rather than in his truck, the

accident might not have happened. Mr. Little gave Plaintiff choice to either resign or be terminated. Plaintiff chose not to resign and was terminated on February 27, 2008.

At the time of his termination, Plaintiff was 56 years of age. Plaintiff claims he was terminated due to his age and alleges his supervisor, Mr. Barker, made numerous comments regarding his "old" age, including that he was "too old and too fat" to do the job and "you're too old to be doing that stuff anymore." (Docket No. 36). Plaintiff states his supervisor again made comments about Plaintiff's age in September 2007 and repeatedly called him an "old fart."

**STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be

4

insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

**ANALYSIS**

Age discrimination causes under the Age Discrimination in Employment Act ("ADEA") are analyzed under the same framework as employment discrimination cases under Title VII *Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 538 (6th Cir. 2002). Claims under ADEA and the Tennessee Human Rights Act ("THRA") require the same standard of proof and therefore may be analyzed similarly. "This Court has construed the Tennessee Human Rights Act under the framework of the federal statutes upon which it was patterned, such as ADEA. *Moore v. Nashville Electric Power Board*, 72 S.W.3d 643. (Tenn.Ct.App. 2001). To establish a successful discrimination claim under both the ADEA and THRA, Plaintiff must present either direct evidence of discrimination or circumstantial evidence. *Brennan v. Tractor Supply Co.,* 2007 U.S. App. LEXIS 10720 at *17 (6h Cir. 2007).

The ADEA prohibits an employer for failing or refusing to hire, discharging, or discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age..." 29 U.S.C. § 623(a)(1). *See also Martin v. Toledo Cardiology Consultants, Inc.,* 548 F.3d 405, 410 (6th Cir. 2008).

"Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Abbott v. Crown Motor Co. Inc.,* 48 F.3d 537, 540-42 (6th Cir. 2003); *Wexler v.*

5

*White's Fine Furniture, Inc.,* 317 F.3d 564, 570 (6th Cir. 2003) (*en banc*). "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred." *Id.* In *Gross v. FBL Financial Services Inc.,* the Supreme Court recently emphasized that with both direct and circumstantial evidence, the burden of persuasion remains on the Plaintiff to demonstrate " that age was the 'but-for' cause of their employer's adverse action." 129 S. Ct. 2343, 2351 n.4 (2009).

Direct Evidence

"The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 153 (2000). Any discriminatory statements must come from decisionmakers to constitute evidence of discrimination. *See Rowan v. Lockheed Martin Energy Sys., Inc.,* 360 F.3d 544, 550 (6th Cir. 2004). "Statements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process itself [cannot] suffice to satisfy the plaintiff's burden . . . of demonstrating animus." *Bush v. Dictaphone Corp.,* 161 F.3d 363, 369 (6th Cir. 1998). The standard is whether the plaintiff has proven "by a preponderance of the evidence. . . that age was the 'but-for' cause of the challenged employer decision." *Gross*, 129 S.Ct. at 2351.

Plaintiff alleges his supervisor, Mr. Barker, made numerous comments regarding his "old" age, including that he was "too old and too fat" to do the job and "you're too old to be doing that stuff anymore." (Docket No. 36). Plaintiff states Mr. Barker again made comments

6

about Plaintiff's age in September 2007 and repeatedly called him an "old fart." Plaintiff argues he did not complain to a supervisor about the comments and behavior as Mr. Barker was his supervisor and Mr. Little was "never around except for a couple of times the whole time he and Brooks were employed." (Docket No. 36).

Plaintiff has presented no evidence, even in light of the alleged comments above, to suggest that Davey Tree's decision to terminate his employment was in any way motivated by his age or that these comments were made in conjunction with the termination decision. Furthermore, Mr. Little, not Mr. Barker, made the final termination decision, telling Plaintiff he could either resign or would be terminated. The statements were allegedly made by Mr. Barker, and not Mr. Little, who ultimately made the decision to terminate, and are not direct evidence of termination as a result of Plaintiff's age. *Rowan*, 360 F.3d at 440 (finding that statements made by non-decisionmakers do not constitute direct evidence and are more appropriately analyzed as circumstantial evidence). Plaintiff has alleged no direct evidence of age discrimination for his termination. The alleged comments were not made contemporaneously or in connection with Plaintiff's termination, nor do they appear to be made in connection with any of Plaintiff's disciplinary write-ups.

Circumstantial Evidence

The Court of Appeals for the Sixth Circuit has long found the *McDonnell Douglas* framework useful in analyzing circumstantial evidence of ADEA claims and thus remains applicable law in the Sixth Circuit. To set forth a *prima facie* case of age discrimination using circumstantial evidence, a plaintiff must establish the four elements of the *McDonnell Douglas*

7

test: (1) Plaintiff was at least forty years of age at the time of the alleged discrimination; (2) Plaintiff was subjected to an adverse action; (3) Plaintiff was qualified for the position; and (4) Plaintiff was replaced by a younger person. *Cooly v. Carmike Cinemas, Inc.,* 25 F.3d 1325, 1329 (6th Cir. 1994). With respect to the last element, Plaintiff may also prove that similarly-situated employees not in the protected class were treated more favorably. *See McDonnell Douglas Cor. v. Green*, 411 U.S. 792, 802 (1973).

If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection," *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 342 (6th Cir. 1997). After a defendant has met this burden, the plaintiff "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1083 (6th Cir. 1994. The plaintiff may not simply substitute his own business judgment for that of the defendant. Rather, to survive a motion for summary judgment he must show that a reasonable jury could conclude that the actual reasons offered by the defendant were a mere pretext for unlawful age-discrimination, not that other reasonable decision-makers might have retained the plaintiffs. *Rowan v. Lockheed Martin Energy Systems,* 360 F.3d 544, 550 (6th Cir. 2004).

For purposes of this memorandum, the Court assumes Plaintiff has established a *prima facie* case. Davey Tree contends it had legitimate reasons for its employment decision to terminate Plaintiff based on his past job performance and ultimately the incident in Clarksville. Defendant alleges Plaintiff did not walk out to the Clarksville job site with his men the morning of the injury, nor did he survey the job site with them to identify potential issues. Plaintiff held the job briefings out of the sight of the work area, contrary to Davey Tree policy. Plaintiff

8

concedes he did not have his crew sign off on the job briefing until several hours after the accident occurred and that he waited until later because his men were shaken by the incident. Plaintiff had been warned on more than one occasion not to sit in his truck while his crew was working, but did so on the day of the accident leading up to his termination. Plaintiff was in his truck when the incident occurred and had not been to the site at all on that day.

The Court finds Defendant's proffered reasons satisfy its burden to articulate some legitimate, nondiscriminatory reason for Plaintiff's termination. The burden subsequently shifts back to the Plaintiff to produce "sufficient evidence from which the jury may reasonably reject the employer's explanation." *Mazner*, 29 F.3d at 1083. Plaintiff has not come forward with sufficient evidence to reject Defendant's nondiscriminatory reason for his termination. The age based comments relied upon by Plaintiff are not sufficient to carry Plaintiff's burden because they are unconnected to his termination and do not cast doubt on the motivation of Defendant.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Docket No. 31) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE